# Nowlin *et al. v.* The State.

*Indictment against Municipal Officers for Failure to keep Streets in Repair.*

*Sufficiency of indictment.* — An indictment under section 1360 of the Revised Code, which simply charges that the defendants, " aldermen and corporate officers of the town of G., failed and refused, as officers and supervisors of the public streets and highways in said town, to perform their duties as said corporate officers of all the public streets," is fatally defective on demurrer: 1st, because it does not state that the said town of G. is incorporated under a law of this State; 2d, because it does not state that the inhabitants of said town are exempted from working on the public roads; 3d, because it does not state that any of the streets of said town were out of repair, and so remained for more than ten days at any one time, without reasonable excuse.

FROM the Circuit Court of Etowah.

Tried before the Hon. WM. L. WHITLOCK.

JAMES AIKEN, for the defendants.

BEN. GARDNER, Attorney General, *contra.*

PECK, C. J. — The indictment in this case is framed under section 1360 of the Revised Code; said section is as follows: " In all towns or cities, incorporated under any law of this State, if the inhabitants are exempted from working on the public roads within the limits thereof, and any of the streets therein are out of repair for more than ten days at any one time, without a reasonable excuse therefor, to be determined by the court, the corporate officers of such town, or any one or more of them, are guilty of a misdemeanor."

The indictment, leaving out the caption, is in the following words, to wit : " The grand jury of said county charge, that, before the finding of this indictment, J. R. Nolin, Joseph Beavers, William Gardner, Thomas Curry, and W. P. C. Liddell, aldermen and corporate officers of the town of Gadsden, failed and refused, as officers and supervisors of the public streets and highways, in said town of Gadsden, to perform their duties as said corporate officers of all the public streets, against the peace and dignity of the State of Alabama." To this indictment the defendants demurred, and assigned ten different causes of demurrer. The demurrer was overruled and the defendants were convicted; and they now appeal to this court to have the conviction and judgment of the court below revised.

In disposing of this appeal, I shall only consider a portion of the causes of demurrer assigned. *First.* That the indictment does not state that the town of Gadsden was incorporated

under any law of this State, or that the inhabitants of said town were exempted from working on the public roads, &c. Both of these statements are necessary in an indictment under said section of the Revised Code ; otherwise, it would not appear that the streets and public highways in said town were not under the control of the overseers of the public roads ; in which case, they only would be indictable if they were out of repair.

*Second.* The indictment fails to state that any of the streets of said town were out of repair, and had been so for more than ten days at any one time, without any reasonable excuse, &c. Without this, even if it had been stated that said town was incorporated by the laws of this State, and that the inhabitants were exempted from working on the public roads, &c., no indictable offence would be charged. The only charge made in said indictment against said defendants is, that they, as officers of the public streets and highways in said town, had failed to perform their duties as such public officers, &c. Such a general charge is too uncertain, and wholly insufficient to put the defendants on their defence. An indictment must state the facts constituting the offence, in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. Revised Code, § 4112. That is not done in this indictment. The charge is a failure on the part of the defendants to perform their duties generally as public officers, &c., without stating any particular failure of duty ; they could not know, therefore, what duty they had failed to perform. What is already said is enough to show that the said indictment is bad — wholly insufficient, and that the defendants' demurrer should have been sustained. As the indictment is bad, it is unnecessary to consider the errors alleged to have intervened on the trial before the jury.

The judgment is reversed, and the case is remanded, that another indictment may be proposed, if the solicitor believes the public good requires it to be done.